1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GRAME KALI KANONGATA'A,                      No.  2:20-cv-0973 DB P

12                   Petitioner,

13        v.                                       ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14   SCOTT JONES,

15                   Respondent.

16

17        Petitioner is a county detainee proceeding pro se with a petition for a writ of habeas

18   corpus under 28 U.S.C. § 2241.  Before the court is petitioner's petition for screening and

19   petitioner's motion to proceed in forma pauperis.  Plaintiff has submitted a declaration that makes

20   the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma

21   pauperis will be granted.  For the reasons set forth below, this court will recommend the petition

22   be dismissed for petitioner's failure to exhaust state remedies.

23                                     **SCREENING**

24        Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary

25   review of each petition for writ of habeas corpus.  The court must dismiss a petition "[i]f it plainly

26   appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4, Rules Governing

27   § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Petitioner alleges that he

28   plead no contest and was convicted in 2016 on various charges.  He received a five-year

1  suspended sentence and probation.  It appears that he has now been detained on a charge that he

2  violated his probation.  Petitioner seeks to challenge the 2016 conviction and sentence.  He also

3  argues that his bail is excessive in violation of the Eighth Amendment.

4  **I.  Challenge to 2016 Conviction and Sentence**

5       Petitioner's challenge to his existing conviction and sentence should be raised in a habeas

6  corpus petition under 28 U.S.C. § 2254.  Section 2254(a) provides for federal court consideration

7  of petitions where the petitioner is "in custody pursuant to the judgment of a State court" and

8  challenges his custody on the grounds that it violates "the Constitution or laws or treaties of the

9  United States."

10       The exhaustion of state court remedies is a prerequisite to granting a petition for writ of

11  habeas corpus under § 2254.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion

12  requirement by providing the highest state court with a full and fair opportunity to consider all

13  claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971);

14  Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

15       After reviewing the petition for habeas corpus, this court finds that petitioner has failed to

16  exhaust state court remedies.  Petitioner concedes that the claims have not been presented to the

17  California Supreme Court.  (ECF No. 1 at 2-6.)  Further, there is no allegation that state court

18  remedies are no longer available to petitioner.  Accordingly, petitioner's claims challenging his

19  2016 conviction and sentence should be dismissed without prejudice.[1]

20  **II.  Challenge to Bail**

21       When a pretrial detainee challenges a bail determination, the Supreme Court and Ninth

22  Circuit have held that a writ of habeas corpus under 28 U.S.C. § 2241 is an appropriate remedy.

23  Stack v. Boyle, 342 U.S. 1, 6-7 (1951); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018).

24  Although habeas petitions challenging pretrial detention under § 2241 are not subject to a

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1  statutory exhaustion requirement, principles of federalism and comity require federal courts to

2  abstain from hearing pretrial habeas challenges unless the petitioner has first exhausted available

3  state judicial remedies.  Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980) ; see also

4  Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004) ("[W]e require, as a prudential matter, that

5  habeas petitioners exhaust available judicial ... remedies before seeking relief under § 2241."

6  (internal quotation and citation omitted)).  "Where a petitioner seeks pre-conviction habeas relief,

7  this exhaustion prerequisite serves two purposes:  (1) to avoid isolating state courts from federal

8  constitutional issues by assuring those courts an ample opportunity to consider constitutional

9  claims; and (2) to prevent federal interference with state adjudication, especially state criminal

10  trials."  Carden, 626 F.2d at 83.  Courts frequently refer to this exhaustion requirement as

11  Younger abstention in recognition of the Supreme Court's decision in Younger v. Harris, 401

12  U.S. 37 (1971), that federal courts should abstain from interfering in pending state criminal

13  proceedings.

14       Satisfying the exhaustion requirement for the bail claim is the same process as satisfying

15  the exhaustion requirement for petitioner's challenge to his 2016 conviction.  Petitioner must

16  fairly present his claims to the state courts in accordance with the state's procedures.  He may not

17  proceed in federal court until the California Supreme Court has considered, and rejected, his

18  claims.  Petitioner concedes in his petition that he has not done so.

19       Further, nothing about petitioner's allegations demonstrates that he should be entitled to

20  an exception to the exhaustion requirement.  The Supreme Court has carved out an exception for

21  "special circumstances" which  are limited to "cases of proven harassment or prosecutions

22  undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps

23  in other extraordinary circumstances where irreparable injury can be shown is federal injunctive

24  relief against pending state prosecutions appropriate."  Perez v. Ledesma, 401 U.S. 82, 85 (1971).

25       While petitioner alleges he is suffering financial injuries due to his inability to make bail,

26  those injuries are "incidental to every criminal proceeding brought lawfully and in good faith,"

27  and, therefore, do not constitute an irreparable injury in the legal sense.  See Younger, 401 U.S. at

28  49.  Many courts have held that an excessive bail claim does not meet the special circumstance

1    standards.  See, e.g., Dudley v. Niell, No. 3:15-CV-1434-D-BK, 2015 WL 6855635, at *4 (N.D.

2    Tex. Oct. 9, 2015), rep. and reco. adopted, 2015 WL 6809296 (N.D. Tex. Nov. 6, 2015) ("[A]

3    challenge to the reasonableness of a pretrial bond is cognizable in a federal habeas corpus action

4    after exhaustion of state court remedies."); Lazarus v. Baca, No. CV 10-1423 GHK (FFM), 2010

5    WL 1006572, at *6 (C.D. Cal. Mar. 17, 2010) (court abstains from considering bail claim prior to

6    exhaustion in state court, noting "state proceedings provide petitioner with an adequate

7    opportunity to litigate her constitutional claims."), aff'd, 389 F. App'x 700 (9th Cir. 2010);

8    Peterson v. Contra Costa County Sup.Ct., No. C03–5534 MMC (PR), 2004 WL 443457, at *1-2

9    (N.D. Cal. Mar. 2, 2004) (dismissing on Younger grounds pretrial detainee's claim under 42

10   U.S.C. § 1983 of violation of right to reasonable bail).  Petitioner's situation does not involve the

11   "unusual circumstances" that might justify an exception to Younger abstention.  See Carden, 626

12   F.2d at 83-34.  For these reasons, petitioner's claim regarding excessive bail should be dismissed

13   without prejudice as well.

**CONCLUSION**

15           For the foregoing reasons, IT IS HEREBY ORDERED that:

16           1.  Petitioner's motion to proceed in forma pauperis (ECF No. 5) is granted; and

17           2.  The Clerk of the Court shall randomly assign a district judge to this case.

18           Further, IT IS RECOMMENDED that petitioner's petition for a writ of habeas corpus be

19   dismissed without prejudice.

20           These findings and recommendations will be submitted to the United States District Judge

21   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

22   being served with these findings and recommendations, petitioner may file written objections

23   with the court and serve a copy on all parties. The document should be captioned "Objections to

24   Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file

25   objections within the specified time may result in waiver of the right to appeal the district court's

26   order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In the objections, petitioner may address

27   whether a certificate of appealability should issue in the event an appeal of the judgment in this

28   ////

1  case is filed.  <u>See</u> Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a

2  certificate of appealability when it enters a final order adverse to the applicant).

3  Dated:  July 7, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/kano0973.scrn fr

5