UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAME KALI KANONGATA'A,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT JONES,<br><br>    Respondent. | No.  2:20-cv-0973 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Petitioner is a county detainee proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner challenges both a 2016 conviction and the bail imposed for his recent detention for a probation violation.  On screening the original petition, this court found plaintiff failed to exhaust his state remedies before filing suit and recommended dismissal of this action.  However, petitioner filed two documents amending his petition by adding claims.  (See ECF Nos. 4, 8.)  Petitioner has not properly amended the petition because he failed to include all claims in one document and failed to use the court's form for habeas petitions.  See Rule 2(c), Rules Governing § 2254 Cases; E.D. Cal. R. 190.  Nonetheless, because petitioner is proceeding pro se, this court liberally construes his filings and will consider petitioner's two filings, along with his original petition, as a first amended petition.

    For the reasons set forth below, this court vacates its prior findings and recommendations, screens the first amended petition, and again finds petitioner has failed to exhaust his state

remedies before filing this action. This court recommends dismissal of this action without prejudice.

As he did in his original petition, petitioner makes clear in his recent filings that he has not raised any of his claims in the state courts before seeking relief in the federal court. (See ECF No. 1 at 2-4; ECF No. 4 at 2-3; ECF No. 8 at 3-7.) As this court explained in its prior findings and recommendations, a challenge to a state court criminal conviction is appropriately raised in a habeas petition under 28 U.S.C. § 2254. However, this court may not grant a § 2254 habeas petition until the petitioner has exhausted his state court remedies by fairly presenting his claims to the California Supreme Court. See 28 U.S.C. § 2254(b)(1); Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Because petitioner concedes he has not done so, his claims challenging his 2016 conviction should be dismissed without prejudice.

A pre-trial detainee's challenge to a bail determination is properly raised under 28 U.S.C. § 2241. See Stack v. Boyle, 342 U.S. 1, 6-7 (1951); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018). While not required by statute, case law requires this court to abstain from interfering in a pending state criminal proceeding. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980) ; see also Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004) ("[W]e require, as a prudential matter, that habeas petitioners exhaust available judicial ... remedies before seeking relief under § 2241." (internal quotation and citation omitted)). Therefore, petitioner must first raise his bail-related claims in the state courts in accordance with the state's procedures before he may raise those claims in a § 2241 petition in the federal court.

Nothing about petitioner's allegations demonstrates that he should be entitled to an exception to the exhaustion requirement. The Supreme Court has carved out an exception for "special circumstances" which are limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971).

////

1    While petitioner alleges he is suffering financial injuries due to his inability to make bail,
2 those injuries are "incidental to every criminal proceeding brought lawfully and in good faith,"
3 and, therefore, do not constitute an irreparable injury in the legal sense.  See Younger v. Harris,
4 401 U.S. 37, 49 (1971).  Many courts have held that an excessive bail claim does not meet the
5 special circumstance standards.  See, e.g., Dudley v. Niell, No. 3:15-CV-1434-D-BK, 2015 WL
6 6855635, at *4 (N.D. Tex. Oct. 9, 2015), rep. and reco. adopted, 2015 WL 6809296 (N.D. Tex.
7 Nov. 6, 2015) ("[A] challenge to the reasonableness of a pretrial bond is cognizable in a federal
8 habeas corpus action after exhaustion of state court remedies."); Lazarus v. Baca, No. CV 10-
9 1423 GHK (FFM), 2010 WL 1006572, at *6 (C.D. Cal. Mar. 17, 2010) (court abstains from
10 considering bail claim prior to exhaustion in state court, noting "state proceedings provide
11 petitioner with an adequate opportunity to litigate her constitutional claims."), aff'd, 389 F. App'x
12 700 (9th Cir. 2010); Peterson v. Contra Costa County Sup.Ct., No. C03–5534 MMC (PR), 2004
13 WL 443457, at *1-2 (N.D. Cal. Mar. 2, 2004) (dismissing on Younger grounds pretrial detainee's
14 claim under 42 U.S.C. § 1983 of violation of right to reasonable bail).  Petitioner's situation does
15 not involve the "unusual circumstances" that might justify an exception to abstention.  See
16 Carden, 626 F.2d at 83-34.  For these reasons, petitioner's claims regarding excessive bail should
17 be dismissed without prejudice as well.
18    For the foregoing reasons, IT IS HEREBY ORDERED that this court's July 8, 2020
19 findings and recommendations are vacated; and
20    IT IS RECOMMENDED that this action be dismissed without prejudice.
21    These findings and recommendations will be submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after
23 being served with these findings and recommendations, petitioner may file written objections
24 with the court and serve a copy on all parties. The document should be captioned "Objections to
25 Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file
26 objections within the specified time may result in waiver of the right to appeal the district court's
27 order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In the objections, petitioner may address
28 whether a certificate of appealability should issue in the event an appeal of the judgment in this

1  case is filed.  See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a

2  certificate of appealability when it enters a final order adverse to the applicant).

3  Dated:  August 11, 2020

```
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE
```

10  DLB:9
   DB/prisoner-habeas/kano0973.FAP scrn fr