UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Grame Kali Kanongata'a,<br><br>                Petitioner,<br><br>        v.<br><br>Scott Jones,<br><br>                Respondent. | No.  2:20-cv-0973 KJM DB P<br><br>ORDER |

Petitioner, proceeding pro se, filed additional objections to the magistrate judge's findings and recommendations, ECF No. 15, after this court adopted the magistrate judge's findings and recommendations following a *de novo* review of the case. ECF No. 13. After reviewing the new document, the court finds this most akin to a motion for reconsideration or relief from a judgment under either Rule 59(e) or Rule 60(b). Although petitioner does not identify the basis of his motion, the court construes it as a motion for relief from a judgment or order under 59(e) because it was filed within the 28-day window required by Rule 59. Fed. R. Civ. P. 59(e).

Under Rule 59(e), a party may move to "alter or amend a judgment" within twenty-eight days of the entry of the judgment. Although the Rule does not list specific grounds for such a motion, the Ninth Circuit has said that a Rule 59(e) motion may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in

controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  This court has "wide discretion" when considering such a motion.  *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).  The rule provides "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).  A party filing a motion for reconsideration should not ask the court "to rethink what the Court has already thought through" simply because of a disagreement with the result of that thought process.  *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

      Here, petitioner identifies no new facts, extraordinary circumstances, or other grounds to justify relief from the court's prior order.

      Petitioner's request for a new judgment, ECF No. 15, is DENIED.

      IT IS SO ORDERED.

DATED: November 30, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE